UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ARELLANO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MERCED, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01744-KES-BAM<br><br>**ORDER VACATING JULY 19, 2024 HEARING**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** (Doc. 15) |

Plaintiff Fernando Arellano initiated this civil rights action on December 20, 2023, against Defendants City of Merced and DOES 1-50. This case arises out of the alleged use of excessive force to arrest Plaintiff Arellano on April 16, 2023. (Doc. 1 at ¶¶ 7-9.) Currently before the Court is Plaintiff's motion for leave to file a first amended complaint to substitute City of Merced Police Officers Tucker Zazueta, D. Thompson, and Mitchell King in place of previously named DOE defendants. (Doc. 15-1 at 1-2.) Defendant City of Merced filed a statement of non-opposition on June 19, 2024. (Doc. 16.) In the absence of opposition, the motion hearing set for July 19, 2024, is VACATED, and the matter is deemed submitted on the current record. L. R. 230(g).

Having considered the moving papers, along with the record in this case, Plaintiff's motion for leave to file a first amended complaint will be GRANTED.

///

**DISCUSSION**

Plaintiff timely filed his motion to amend on June 6, 2024, consistent with the Scheduling Conference Order deadline to file stipulated amendments or motions to amend the pleadings. (*See* Doc. 14 [Amendment to Pleadings: June 14, 2024]).  Plaintiff's motion is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings.  *Cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16); *see also Bencomo v. County of Sacramento*, No. 2:23-cv-00440-DAD-JDP, 2024 WL 382381, at *1 (E.D. Cal. Jan. 31, 2024) ("Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings when the deadline for amendments in the pretrial scheduling order had yet to pass at the time the motion for leave to amend was filed . . . .").  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of

amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Plaintiff seeks leave to substitute Officers Zazueta, Thompson, and King in place of previously named DOE defendants. Plaintiff explains that discovery is ongoing, and he uncovered new facts early in the matter. Specifically, Plaintiff learned the names of the three DOE officers named in the original complaint. (Doc. 15-1 at 3-4.)

In considering the relevant factors, the Court finds that leave to file a first amended complaint should be granted to allow the substitution of Officers Zazueta, Thompson, and King in place of DOE defendants. First, there is no indication of undue delay. Plaintiff timely submitted his motion for leave to amend prior to the deadline for amendment of pleadings. Second, there will be little prejudice to Defendant City of Merced in permitting the amendment. The case is still in the early stages of discovery, with a non-expert discovery deadline of March 31, 2025, an expert discovery deadline of June 30, 2025, and a trial date of May 5, 2026. (*See* Doc. 14.) Further, Defendant City of Merced does not oppose the motion. Third, there is no indication that amendment is futile. Federal Rule of Civil Procedure 20 permits joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). Plaintiff alleges that Officers Zazueta, Thompson, and King are the officers of

the City of Merced Police Department involved in the April 16, 2023 incident alleged in the complaint.  Plaintiff's right to relief for the asserted claims against Defendant City of Merced and Officers Zazueta, Thompson, and King therefore arises out of the same transaction, occurrence, or series of transactions or occurrences.[1]  Additionally, there are questions of fact and/or law common to all defendants related to the alleged use of excessive force.  Fourth, there is no indication that the amendment is brought in bad faith.  Fifth, and finally, Plaintiff has not previously amended the complaint.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 15) is GRANTED.

2. Within five (5) court days, Plaintiff shall file the First Amended Complaint, a copy of which was attached as Exhibit 1 to the Declaration of James Cook filed in support of the motion.

4. Defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **June 20, 2024**                      /s/ Barbara A. McAuliffe            
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also contends that all claims relate back to the date of the original complaint.